IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GORDON  DEAN WALKER,

                     Plaintiff,                           CV-10-1318-ST

        v.                                    FINDINGS AND
                                             RECOMMENDATION

STATE OF OREGON and CLACKAMAS
COUNTY COURTS,

                     Defendants.

STEWART, Magistrate Judge:

## **INTRODUCTION**

       Plaintiff, Gordon Dean Walker, appearing *pro se*, has filed a Complaint seeking to vacate

a judgment and sentence imposed on him by the Circuit Court for the State of Oregon for the

County of Clackamas.  He has filed an application to proceed *in forma pauperis* (docket #1).

Because his application for *in forma pauperis* status reveals that he cannot afford the costs of this

1 - FINDINGS AND RECOMMENDATION

proceeding, it should be granted.  However, for the reasons set forth below, the Complaint should

be dismissed with prejudice for lack of subject matter jurisdiction.

## STANDARDS

Federal courts are courts of limited jurisdiction and a case is presumed to fall outside a

federal court's jurisdiction unless proven otherwise.  *Kokkonen v. Guardian Life Ins. Co. of Am.*,

511 US 375, 377 (1994).  A district court is empowered to hear only those cases which are within

the judicial power conferred by the United States Constitution and those which fall within the

area of jurisdiction granted by Congress.  *Richardson v. United States*, 943 F2d 1107, 1112-13

(9th Cir 1991), *cert denied*, 503 US 936 (1992).  Under Rule 12(h) of the Federal Rules of Civil

Procedure, this court is required to dismiss an action "[w]henever it appears by suggestion of the

parties or otherwise that the court lacks jurisdiction of the subject matter."  *Augustine v. United

States*, 704 F2d 1074, 1077 (9th Cir 1983).

## FINDINGS

As best as this court can discern from the Complaint and its attachments, Walker was

arrested August 6, 2004, for driving while under the influence of intoxicants ("DUII").  After

pleading not guilty, a jury trial was held on November 9 and 10, 2005.  At trial, his counsel

objected to a lack of foundation for the intoxilyzer test results, moved for a judgment of acquittal

on the same basis, and also moved to suppress the seatbelt violation.  It appears that the court

denied those motions, and the jury found Walker guilty.  At a sentencing hearing on August 1,

2006, the court suspended Walker's driver's license for one year, sentenced him to 90 days in jail

and 60 months probation, and had him evaluated for the DUII enhanced probation court.  A week

later, on August 7, 2006, after denying a motion to exclude his prior Alabama convictions, the

court suspended Walker's driver's license for life.  Two weeks later at a hearing on August 21, 2006, the court confirmed that Walker did not qualify for the DUII enhanced probation court, such that the previous sentence remained in effect.  Walker filed an appeal to the Oregon Court of Appeals, which was affirmed without opinion, and also filed a petition for review with the Oregon Supreme Court, which was denied.  Complaint, ¶¶ 2-3.

On October 8, 2007, at a probation violation hearing, the court found that Walker did not commit a willful violation of his probation.  However, on February 22, 2008, at another probation violation hearing, the court found that Walker did commit a wilful violation of his probation, continued his probation, and ordered that if he failed to strictly comply with all conditions of probation, a 365 day jail sentence would be executed.

On August 3, 2009, Walker filed a Petition for Post Conviction Relief, which was denied on October 8, 2010.  Complaint, ¶ 4.

In May 2010, Walker notified the Oregon Department of Justice that the police officer who performed the intoxilyzer test was not certified to do so (as he had testified at trial) and requested an investigation and reversal of his conviction.

On September 21, 2010, Walker filed a Complaint in this court, *Walker v. State of Oregon, et al*, Case No. 10-1142-AA, based on a denial of his right to court-appointed counsel at his post-conviction relief hearing.  On October 8, 2010, Judge Aiken entered an Order and Judgment dismissing that case based on lack of jurisdiction (dockets # 6 & # 7).  She noted that the claim involved a pending and on-going post-conviction proceeding in state court and that federal courts may not intervene in pending state court matters.  She also noted that Walker has no constitutional right to counsel in a post-conviction proceeding.

3 - FINDINGS AND RECOMMENDATION

Now that he has lost his hearing for post-conviction relief, Walker asks this court to find that the State of Oregon and the Clackamas County Circuit Court have denied his rights under the Fourth and Fourteenth Amendments of the United States Constitution.  Presumably, Walker seeks to state a claim under 42 USC § 1983 for:  (1) a violation of rights protected by the Constitution or created by federal statute (2) proximately caused (3) by conduct of a person (4) acting under color of state law.  *Crumpton v. Gates*, 947 F2d 1418, 1420 (9th Cir 1991). However, that claim is defective for several reasons.

First, Walker cannot sue the State of Oregon or the Clackamas County Circuit Court in federal court.  The Eleventh Amendment to the United States Constitution provides that:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

This Amendment bars suits against a state or its agencies, regardless of the relief sought, and even where jurisdiction is predicated on a federal question, absent the state's affirmative and unequivocal waiver of its immunity or congressional abrogation of that immunity.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 US 89, 97-99 (1984); *Brown v. California Dept. of Corrections*, 554 F3d 747, 752 (9th Cir 2009).  Eleventh Amendment immunity extends to governmental entities that are "arms of the state," including state courts.  *Simmons v. Sacramento County Superior Court*, 318 F3d 1156, 1161 (9th Cir 2003), citing *Will v. Michigan Dept. of State Police*, 491 US 58, 70 (1989) (holding that arms of the State for Eleventh Amendment purposes are not liable under § 1983); *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F2d 1103, 1110 (9th Cir 1987) (holding that state courts are arms of the state for Eleventh Amendment

4 - FINDINGS AND RECOMMENDATION

purposes).  A statute consenting to suit in state court does not constitute consent to suit in federal court.  *Fordyce v. City of Seattle*, 55 F3d 436, 441 (9th Cir 1995).  Because the State of Oregon has not consented to suit in federal court for violations of § 1983, Walker's claims are barred by the Eleventh Amendment.  *See Dittman v. California*, 191 F3d 1020, 1025-26 (9th Cir 1999) (§ 1983 does not abrogate a State's Eleventh Amendment immunity), *cert. denied*, 530 US 1261 (2000).

Second, Walker seeks to have this court overturn an adverse ruling by a state court.  A United States District Court has no authority to review final judgments of a state court in judicial proceedings.  *Schroll v. Plunkett*, 760 F Supp 1378, 1382 (D Or 1990), *aff'd* 932 F2d 973 (1991), citing *District of Columbia Court of Appeals v. Feldman*, 460 US 462, 482 (1983).  Review of state court judgments may only be obtained in the United States Supreme Court after a final decision is made by the highest state court.  *Feldman*, 460 US at 482; 28 USC § 1257(a).  Therefore, Walker must appeal all adverse state court decisions, including post-conviction relief, to the Oregon Supreme Court and then file a petition for certiorari with the United States Supreme Court.

The court should allow a *pro se* plaintiff to amend the complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment.  *Weilburg v. Shapiro*, 488 F3d 1202, 1205 (9th Cir 2007).  Here it is clear that Walker can state no claim in this court against the State of Oregon or the Clackamas County Circuit Court to reverse his state court convictions.  Therefore, the Complaint should be dismissed with prejudice.

///

///

5 - FINDINGS AND RECOMMENDATION

## RECOMMENDATION

Based on the foregoing, plaintiff's application to proceed *in forma pauperis* (docket #1) should be granted, but the Complaint (docket #2) should be DISMISSED with prejudice.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due November 15, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED this 27th day of October, 2010.

s/ Janice M. Stewart_____
Janice M. Stewart
United States Magistrate Judge