UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GORDON DEAN WALKER,

        Plaintiff,                           Civil No. 10-1318-ST

      v.                                 ORDER

STATE OF OREGON, and
CLACKAMAS COUNTY COURTS,

        Defendants.

HAGGERTY, District Judge:

    Magistrate Judge Stewart has issued a Findings and Recommendation [4] in this action. The Magistrate Judge recommended granting plaintiff's Application for Leave to Proceed *in forma pauperis* [1], but dismissing plaintiff's Complaint [2] for lack of subject matter jurisdiction.

    Plaintiff timely filed objections, but failed to respond to the issues raised in the Findings and Recommendation. This court will nevertheless conduct a *de novo* review of the Findings and Recommendation pursuant to the Ninth Circuit's "policy of liberal construction in favor of *pro se*

1- ORDER

litigants."  *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998).

**DISCUSSION**

When a party objects to any portion of a Findings and Recommendation, the district court must conduct a *de novo* review.  28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

This court has reviewed the Findings and Recommendation *de novo* and plaintiff's objections.  The Findings and Recommendation detailed the factual history of this matter and summarized the legal standards relevant to the issues in this case.  These summaries are adopted.

Although unclear in his Complaint, plaintiff seeks to enforce his rights under the Fourth and Fourteenth Amendments of the United States Constitution against the State of Oregon and the Clackamas County Courts.  As explained in the Findings and Recommendation, the Eleventh Amendment bars suits by private citizens against the State or its agencies absent unequivocal consent by the State.  *Krainski v. Nevada*, 616 F.3d 963, 967 (9th Cir. 2010).  To determine whether an agency or entity is an arm of the State, the court must look to "the way state law treats the entity."  *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995).

The official name of the Clackamas County courts, the procedure for appointing judges, and the manner in which the judges are paid make clear that county courts are arms of the State. *See Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987); O.R.S. §§ 1.007, 3.013, 3.041, 3.060.  The Supreme Court has also made clear that "§ 1983 was not intended to abrogate a State's Eleventh Amendment immunity."  *Kentucky v. Graham*, 473 U.S. 159, 169 n.17 (1985).  Therefore, because the State of Oregon has not expressly consented to be

2- ORDER

sued in this matter, plaintiff's action must be dismissed for lack of subject matter jurisdiction.

Moreover, the Findings and Recommendation correctly noted that this court has no authority to overturn a final judgment in the state courts. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). To obtain review, plaintiff must appeal the state court decisions to the Oregon Supreme Court and then file a petition for certiorari with the United States Supreme Court.

Dismissal with prejudice and without leave to amend is appropriate in this matter because it is clear on *de novo* review that plaintiff's Complaint cannot be saved by amendment. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

## CONCLUSION

The Findings and Recommendation [4] is adopted. Plaintiff's Application for Leave to Proceed *in forma pauperis* [1] is GRANTED. Plaintiff's Complaint [2] is DISMISSED with prejudice for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated this 17th day of November, 2010.

                                                  /s/  Ancer L. Haggerty
                                                  Ancer L. Haggerty
                                          United States District Judge